IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00778-DME-BNB

JAMIE LADUKE, and
STEPHANIE CULLEN,

Plaintiffs,

v.

MERCURY PAYMENT SYSTEMS, INC. a Delaware Corporation,

Defendant.

---

**STIPULATION AND PROTECTIVE ORDER REGARDING DISCLOSURE OF "CONFIDENTIAL INFORMATION"**

---

This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" ("Protective Order") is entered into by Plaintiffs Jamie LaDuke and Stephanie Cullen, and Defendant Mercury Payment Systems, Inc., on the date entered by the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

Plaintiff and Defendant have sought, disclosed, or produced, or anticipate seeking, disclosing, or producing, documents, testimony, and other information that contains proprietary, business, financial, client, personal, medical, and personnel information not publicly available and that implicates a privilege or legitimate privacy interest (hereinafter "Confidential Information"). The Court is entering this Order to allow the parties to produce such "Confidential Information" while preserving it from unauthorized, unnecessary disclosure.

Therefore, the parties stipulate and the Court hereby orders that the following principles and procedures designed to ensure the protection of "Confidential Information" will govern the production and disclosure of such "Confidential Information":

1. **Scope of Order: Documents Covered.** "Confidential Information" will include any document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom, designated as such by Plaintiff or Defendant. Any party may designate such information as “Confidential Information” that the party in good faith believes meets the standards for protection set forth in Fed. R. Civ. P. 26(c).

2. **Designation Of “Confidential Information”.** Information may be designated as “Confidential Information” in the following manner:

a. By imprinting or affixing a label with the word "Confidential" or “CONFID” on the first page or cover of any document; or

b. By typing the word "Confidential" or “CONFID” or imprinting or affixing a label with the word "Confidential" or “CONFID” next to or above any response to an Interrogatory or Request for Admission; or

c. With respect to information which has previously been disclosed, by giving written notice to opposing counsel designating the specific information as confidential within fifteen days of the date the information was disclosed or within fifteen days after the Court approves this Protective Order, whichever is later; or

d. With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as confidential no later than thirty days after the testimony is given; or

e. With respect to transcribed testimony, by designating such portions as confidential on the record at the time such testimony is given or by designating such portions as confidential no later than thirty days following receipt of the transcribed testimony.

f. As a condition of designating documents as “Confidential“ or “CONFID”, the documents must be reviewed by a lawyer of the designating party who will acknowledge that the designation as “Confidential” or “CONFID” is based on a good faith belief that the information is entitled to protection pursuant to the standards for protection set forth in Fed.R.Civ.P. 26(c).

3. **Objections to Designations.** If a party objects to the opposing party's designation of certain information as "Confidential Information," the objecting party will inform the designating party of such objection on the record during a deposition or in writing within fifteen days of its receipt of the designated information. The written notice shall identify the information to which the objection is made. The parties will attempt first to resolve such dispute in good faith and on an informal basis. If the parties are unable to resolve their dispute, the designating party will raise the issue with the Court ~~(formally or informally)~~ within twenty days after the notice of the objection is given by the objecting party. In any such dispute, the designating party will at all times bear the burden of proving the information designated as “Confidential Information” meets the standards for protection set forth in Fed. R. Civ. P. 26(c). The information at issue will continue to have "Confidential Information" status during the pendency of any such dispute and/or motion. If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as

"Confidential Information" and shall not thereafter be treated as "Confidential Information" under the terms of this Protective Order.

4. **Limitations on Disclosure of "Confidential Information".** Confidential information shall not, without the consent of the party producing it or further order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) other persons by written agreement of the parties; and

(i) any other individual authorized by the party designating the information as confidential.

Individuals reviewing "Confidential Information" pursuant to this Protective Order, other than Court Personnel, will be informed by respective counsel to hold such information in the strictest confidence and not to divulge the information, either verbally or in writing, to any other

person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law. Individuals advised as to the confidential nature of such information must agree to be bound by this provision before the information will be disclosed to them.

5. **Parties' Own Documents**. The fact that some documents are designated as "Confidential Information" under this Order will not affect any party's right to permit material that it designated as "Confidential Information" to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes. This Stipulation and Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

6. **Submission of "Confidential Information" to the Court**. As with all court filings, the parties shall comply with D.C.COLO.LCivR 7.2 as to any information to be submitted under seal based on this Protective Order.

7. **Copies of "Confidential Information".** Counsel for the parties and the parties themselves understand the confidential nature of "Confidential Information", and agree to limit their copying of "Confidential Information" to that which they believe is reasonably necessary for the prosecution/defense of this litigation. Copies of "Confidential Information", and documents prepared by an expert that incorporate or reveal "Confidential Information", will be subject to the same treatment under this Order as the original "Confidential Information".

8. **No Position as to Admissibility**. By agreeing to the entry of this Protective Order, the parties adopt no position as to the admissibility of information disclosed pursuant to the Protective Order. Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c),

or from filing a motion with respect to the manner in which "Confidential Information" will be treated at trial.

9. **Resolution of Action**. Within 40 days of the final conclusion of this case, unless other arrangements are agreed upon, all confidential information shall be destroyed and/or returned to the party who produced it. In the event a party elects to return confidential information to the opposing party, the returning party may request in writing that the returned documents be maintained and not destroyed for up to three years from the final disposition of the case, and the opposing party shall maintain the documents accordingly.

10. **Continuing Jurisdiction.** The termination of this action will not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of "Confidential Information" pursuant to this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

11. **Modifications**. This Protective Order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" is approved by and entered as an order of the Court.

Dated June 6, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

**Agreed to and Approved**:

***s/ Sean M. McCurdy***

Sean M. McCurdy
MCCURDY & EICHSTADT, P.C.
9085 E. Mineral Circle, Suite 380
Centennial, Colorado 80112
Telephone: (303) 832-8870
FAX: (303) 832-8871
E-mail: mccurdy@mccurdy-eichstadt.com

Attorney for Plaintiffs
Jamie LaDuke and Stephanie Cullen

***s/ Peter Munger***

Peter Munger
JACKSON LEWIS LLP
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
FAX: (303) 892-5575
E-mail: peter.munger@jacksonlewis.com

Attorneys for Defendant
Mercury Payment Systems, Inc.